INTHE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBORAH SINGLETON | * | CA. NO. |
| | * | |
| PLAINTIFF | * | SECTION: |
| | * | |
| v. | * | MAGISTRATE: |
| | * | |
| GOODWILL INDUSTRIES | * | <u>Jury Demanded</u> |
| OF SOUTHEASTERN, LOUISIANA, | * | |
| INC. and GOODWORKS, INC., | * | |
| DEFENDANTS | * | |

### **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Deborah Singleton, and files this Complaint and Jury Demand. Plaintiff respectfully avers as follows:

### **NATURE OF THE ACTION**

This is an action under the Americans with Disabilities Act of 1990 (as amended), 42 USC § 12101, et. seq., to correct unlawful employment practices on the basis of disability and retaliation, and to provide appropriate relief to Ms. Deborah Singleton, who was adversely affected by such practices. This suit is also brought to effectuate appropriate injunctive relief to others who may have been affected by Defendants' discriminatory practices and to prevent further occurrence of such practices.

### **JURISDICTION AND VENUE**

1.

The Court has jurisdiction over this matter as Plaintiffs' claims arise under a Federal law, the Americans with Disabilities Act, 42 USC Section 12101, et seq.

2.

1

Venue is proper in the Eastern District of Louisiana because a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## PARTIES

3.

Plaintiff, Deborah Singleton, is a person of the full age of majority who is domiciled in Jefferson Parish, Louisiana.

4.

Defendant Goodwill Industries of Southeastern Louisiana, Inc. is a non-profit corporation organized under the laws of the State of Louisiana with its domicile at 3400 Tulane Ave., Suite 1000, New Orleans, Louisiana, 70119.

5.

Defendant Goodworks, Inc. is a non-profit corporation organized under the laws of the state of Louisiana with its domicile at 3400 Tulane Ave., Suite 1000, New Orleans, Louisiana, 70119.

## STATEMENT OF CLAIMS

6.

Defendants share common leadership and control, utilize common human resources and administrative staff, policies, procedures, and web sites, and thus constitute joint employers under the Americans with Disabilities Act.

7.

During the years 2009 through 2012, Defendants engaged in interstate commerce or in an industry affecting interstate commerce and had 15 or more employees in each of 20 or more calendar weeks.

8.

In June, 2009, Defendants hired Plaintiff as a telephone call center operator, working at the Veterans Administration of Southeast Louisiana ("VA") pursuant to a contract between Defendants and the VA.

9.

Since prior to being hired by Defendants, Plaintiff has and continues to suffer from Retinitis pigmentosa, which is an incurable disease causing retinal degeneration. At all times relevant, Plaintiff's Retinitis pigmentosa has caused her to be substantially impaired in major life activities including but not limited to seeing, reading, and writing. Plaintiff's vision impairment cannot be corrected with the use of eyeglasses or contact lenses.

10.

From her hiring in June 2009, until approximately August 2010, Plaintiff learned to do her job and successfully performed the essential functions of her position with some reasonable accommodations. During this time, there was no disciplinary action taken against her.

11.

On or about August 2010, Defendants appointed a new supervisor – Tampere Walker – to supervise Plaintiff and the other employees working at the VA call center.

12.

Tampere Walker and others subjected Plaintiff and her visually impaired coworker to objectionable and offensive treatment because of their sight impairments, including offensive comments about their limited sight and the accommodations they needed to perform the essential functions of their positions. This treatment also included, but is not limited to, making fun of the size of the print on Plaintiff's computer, making fun of and complaining about Plaintiff's talking

clock, drawing a picture of Plaintiff with exaggerated eyes, ridiculing Plaintiff because she could not read papers Ms. Walker was handing to other employees, stealing food and personal items from Plaintiff, and changing Plaintiff's schedule without prior notice and with knowledge that Plaintiff needed to make transportation arrangements to come to and get home from work. The harassment was severe and pervasive and interfered with Plaintiff's ability to perform her job to the full extent of her capabilities.

13.

Plaintiff complained to members of Defendants' human resources and management staff about the harassment from Ms. Walker on more than one occasion, but Defendants never took effective action to stop the harassment.

14.

Ms. Walker retaliated against Plaintiff for complaining to human resources and management staff by forcing Plaintiff to seek approval from human resources or management whenever she needed to change her schedule or go home early because she was sick while not doing the same to coworkers, by threatening her employment and criticizing her for being as few as 30 seconds late when Ms. Walker and other coworkers were not criticized when they were much later, by refusing to timely provide Plaintiff with the large font written materials she needed to do her job more effectively, by refusing to allow Plaintiff to bring assistive devices into the workplace because, "Who is going to pay to get that installed?," by speaking negatively about Plaintiff to coworkers, by taking other offensive acts against Plaintiff, and eventually by terminating Plaintiff's employment with Defendants.

15.

Ms. Walker criticized Plaintiff for "trying to get her in trouble" and told Plaintiff and the

other employees in her department that whatever went on in the VA call center was not to be discussed with anyone outside of the room.

16.

Sometime after Plaintiff's report of Ms. Walker's harassment to Defendant's human resources and management team, Mark Kinney took over as Ms. Walker's supervisor.  The first time Mr. Kinney met Plaintiff, he told her he could not talk to her at all without a witness present.  Mr. Kinney also told Plaintiff and her disabled coworker Sandra Jones not to contact human resources with any concerns about mistreatment by Ms. Walker.

17.

Defendants retaliated against Plaintiff for her continued complaints about Ms. Walker's harassment and retaliation by terminating her employment.

18.

Plaintiff filed a timely Charge of Discrimination with the EEOC alleging that Defendants discriminated against her because of her disability and retaliated against her for her complaints about discrimination.

19.

In an attempt to provide support for their after-the-fact pretext for terminating Plaintiff's employment, Defendants have submitted falsified records to the EEOC and obtained false statements from employees and other witnesses in an effort to destroy Plaintiff's reputation.

20.

The EEOC investigated Plaintiff's charge and determined (1) that there is reasonable cause to believe that Goodwill discharged Plaintiff and retaliated against her because she engaged in a protected activity; and (2) that there is reasonable cause to believe that Plaintiff and

a class of disabled females were subjected to harassment by their supervisor because of their disabilities.

21.

Plaintiff received the EEOC's Notice of Right to Sue on March 5, 2016. A copy of the Right to Sue is attached as Exhibit 1, hereto.

22.

As a result of Defendants' actions, Plaintiff has suffered significant harm, including lost wages and benefits, mental anguish, emotional distress, inconvenience, loss of enjoyment of life, and embarrassment.

23.

Once Defendants knew of Ms. Walker's discriminatory acts and her creation of a hostile work environment based on Plaintiff's disability, Defendants failed to take steps to repudiate the disability harassment and prevent future conduct of a similar nature.

24.

Defendant failed to exercise reasonable care to prevent and promptly correct disability based harassment and retaliation in its workplace.

25.

Upon information and belief, Defendant had never trained Ms. Walker concerning accommodation of individuals with vision limitations or harassment of individuals with disabilities and had never provided her with any policies or other written guidance concerning disability based harassment.

26.

The unlawful practices complained of above were intentional.

27.

The unlawful practices complained of above were done with malice or reckless indifference to the federally protected rights of Plaintiff.

JURY DEMAND

28.

Plaintiff demands a jury trial on all triable issues of fact.

PRAYER FOR RELIEF

29.

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successor, assigns, and all persons in active concert or participation with them, from engaging in unlawful disability based discrimination of employees and retaliation for complaining about disability discrimination;

B. Order Defendants to institute and carry out policies and procedures which safeguard all employees, regardless of disability status, against unlawful disability based harassment and retaliation, provide equal employment opportunities for all individuals with disabilities, and which will eradicate the effects of its past and present unlawful employment practices, including but not limited to: training of personnel and reporting to the Court concerning compliance with the ADA;

C. Order Defendants to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at

trial, and by providing compensation for past and future pecuniary losses resulting from Defendant's unlawful practices;

D. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

E. Grant such further legal or equitable relief as the Court deems necessary and proper; and award Plaintiff her costs of this action.

    Respectfully Submitted,

    The Law Office of Alan Kansas,LLC

    <u>/s/ Alan Kansas</u>
    ALAN F. KANSAS, BAR #27725
    1801 Carol Sue Ave.
    Terrytown, LA 70056
    (504) 210-1150
    FAX (504) 617-6525